UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA,
SOUTHERN DIVISION

| | |
|---|---|
| **JORGE CRUZ GONZÁLEZ,** | ) |
| *Plaintiff,* | ) |
| v. | ) CIVIL ACTION _____ |
| | ) |
| **ALFREDO'S PIZZA CAFE, INC.,** | ) |
| **ALFREDO'S GREEN SPRING, LLC,** | ) |
| **BILLY KHAMAISEH, and** | ) |
| **SAM KHAMAISEH.** | ) |
| *Defendants.* | ) |

# COMPLAINT

The plaintiff, Jorge Cruz González ("Plaintiff"), on behalf of himself and all others similarly situated, brings this cause of action to recover damages for the willful conduct and continuous willful practice of not paying him and others similarly situated the full earned wages, and overtime earned, and for wrongfully discharging him after complaining about his unpaid overtime and wages, against defendant Alfredo's Pizza Cafe, Inc., and Alfredo's Green Spring, LLC (referred jointly as "Alfredo's Pizza Cafe"), and against defendants Billy Khamaiseh and defendant Sam Khamaiseh (referred jointly as the "Khamaiseh Defendants"), and all combined entities and persons collectively known as ("Defendants"), pursuant to 29 U.S.C. §216(b) of the Fair Labor Standard Act ("FLSA").

Plaintiff hereby request FLSA remedies for unpaid wages, lost wages, liquidated damages, front pay, attorney's fees, interest, and punitive damages.

## LEGAL CAUSES OF ACTION

1. If an employee has worked overtime without due pay, he is entitled to bring a private action under the FLSA of 1938, Pub. L. No. 75-718, 52 Stat. 1060 for damages, codified as 29 U.S.C. §216(b). In addition, the said employee is entitled to bring an action for wrongful termination after his termination following an oral complaint for violations of the FLSA, codified as 29 U.S.C. §215(a)(3).

2. The Plaintiff for himself and others similarly situated, brings this cause of action against the Defendants for the willful and/or wanton practice of not paying earned wages, and overtime earned but not paid, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§207 (a)(1), *et seq*.

3. The FLSA provides a federal cause of action for an employee claiming that his employer has failed to pay "one and one-half times the regular rate at which he is employed" for all hours beyond forty (40) worked in a workweek, 29 U.S.C. §§207(a)(2)(C), 216(b).

4. The Plaintiff was employed by Alfredo's Pizza Cafe and the Khamaiseh Defendants, and hereby seeks compensation for his damages and for any liquidated damages allowed by law. In addition, Plaintiff seeks to produce a deterrent purpose under the FLSA, by disclosing patterns of non-compliance by employers, and deter such misconduct to other third parties who used to work for the Defendants during the last three years, and/or are presently working for the Defendants.

5. Plaintiff seeks to recover from the Defendants, jointly and severally, the amount of his unpaid wages, unpaid overtime, compensatory, liquidated damages, prejudgment interest, and attorney's fees pursuant to the FLSA.

## **JURISDICTION AND VENUE**

**The original jurisdiction, and the supplemental jurisdiction of this Court comes under the following precepts:**

6. This Court has original jurisdiction as there is a Federal issue involving violations of the FLSA of 1938.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1391 (b)(c).

8. The Defendants resided in Jefferson county at the time Plaintiff commenced this action. The acts and omissions in this cause took place in Jefferson County, Alabama. Venue is proper in this Court, the Northern District of Alabama, pursuant to 28 U.S.C. §1391(b) and (c).

9. This Court will have supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) for Alabama State law claims, if any, if such claims are "So related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

## **BIOGRAPHICAL DATA**

10. Plaintiff is an adult residing in Birmingham, Alabama. He was working for about fourteen (14) months for the Defendants until January 1, 2019 when he was terminated.

11. Defendants Alfredo's Pizza Cafe and the Khamaiseh Defendants are employers engaged in commerce pursuant to the FLSA and 29 U.S.C. §203(s), and at all times material hereto, engaged in commerce within the meaning of the FLSA. Upon information and belief, defendant Alfredo's Pizza Cafe, Inc. is an Alabama

domestic corporation, which does business, as such which principal place of business is located at 803 Green Springs Hwy., Birmingham, AL 35209.

12. Upon information and belief, defendant Billy Khamaiseh is the owner and general manager of Alfredo's Pizza Café during the bulk or entirety of Plaintiff's employment, and defendant Sam Khamaiseh is the store manager of Alfredo's Pizza Cafe, and they both reside in Jefferson County, Alabama.

13. Upon information and belief, Alfredo's Green Spring, LLC is an Alabama Limited Liability Company organized by Belal Abu-Hamdeh, who also was believed to be an owner of the Alfredo's Pizza Cafe located at 803 Green Springs Hwy., Birmingham, AL 35209, may have operated under the name Alfredo's Green Spring, LLC, and resides in Jefferson County, Alabama.

14. Upon information and belief, these Defendants share common operations such as that they are an enterprise engaged in interstate commerce with an annual gross revenue of not less than $500,000, and its employees handle goods moved in interstate commerce. In addition to selling food, the Defendants sell and serve alcoholic drinks and beverages to their customers.

15. At all times relevant to this action, Defendants were the "employers" of the Plaintiff, and others similarly situated, as defined by §203(d) of the FLSA.

16. At all times material to this action, the Plaintiff, and all others similarly situated, are and/or have been "employees" of the Defendants as defined by §203(e)(1) of the FLSA and worked for the Defendants within the territory of the United States within three (3) years preceding the filing of this law suit.

## **STATEMENT OF FACTS**

17. Alfredo's Pizza Cafe as a business is open to the public six days per week, and its business hours are from 10:00 AM to 11:00 P.M.

18. Defendants hired Plaintiff as a laborer on or about November 2017 and was terminated fourteen months thereafter, on January 1, 2019

19. Plaintiffs' working hours:

   a) from Monday to Thursday started at 10:00 A.M to 3:00 P.M., and from 5:00 P.M. to 9:00 P.M

   b) for Friday started at 10:00 A.M. to 3:00 P.M., and from 5:00 P.M. to 10:00 P.M.

   c) for Saturday started at 2:00 P.M. to 10:00 P.M.

20. The duties performed by Plaintiffs included preparing vegetables to be used during the day, preparing meats, cooking, washing dishes, cleaning the kitchen, taking the garbage outside, and other labor tasks as may be requested by the Defendants, its agents and assigns.

21. The Plaintiff and other similarly situated employees regularly worked in excess of 40 hours per week.

22. The Plaintiff and other similarly situated employees did not receive wages at the rate of time and one-half the typical hourly rate for the hours worked in excess of 40 hours in a given work week.

23. The Plaintiffs was not entitled to and did not earn tips. The Plaintiff was not an exempted employee. The Plaintiff was entitled to overtime.

24. Plaintiff is owed by the Defendants all the compensation for his overtime hours and Defendants have willfully failed to compensate him.

25. Defendants are well aware that the Plaintiff and other similarly situated employees routinely work in excess of 40 hours per week.

26. Defendants willfully and wantonly have violated the FLSA by failing to compensate overtime hours in excess of 40 hours in a given work week at a rate of one and one-half times the regular hourly rate of pay.

27. As a result of Defendants' violations of the FLSA, the Plaintiff, and other similarly situated employees both past and present, have suffered damages by failing to receive compensation at least equal to the federally mandated minimum wage in accordance with §206 of the FLSA and have further suffered damages by failing to receive compensation at the rate of time and one-half per hour for hours worked in excess of 40 hours per week in accordance with §207(a) of the FLSA.

28. The Plaintiff, and other similarly situated employees have been damaged as a result of Defendants' willful actions and have suffered loss of wages.

29. There are other similarly situated employees, both past and present, of these Defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court supervised notice of the present lawsuit and the opportunity to join it as plaintiffs. Those similarly situated employees are known to Defendants and are readily identifiable and easy to locate through Defendant's records.

30. For the year of 2017, Plaintiff worked from Monday to Saturday 53 hours per week for two months. His straight time rate was set at $12 per hour.

31. In 2018, Plaintiff worked from Monday to Saturday for 54 hours per week for twelve months. His straight time rate was set at $12 per hour.

32. The Plaintiff was not paid any overtime wages for his work in excess of forty hours each work week, neither was Plaintiff allowed to take any vacation time off.

33. Plaintiff complained about his unpaid overtime and wages to the defendant and manager Sam Khamaiseh, the last time during the last week of December 2018, and he was wrongfully terminated on account of voicing his complaint on January 1, 2019.

34. Defendants refused to pay Plaintiff and continue to refuse to pay him his correct wages for overtime accumulated.

35. Furthermore, upon information and belief, Defendants have engaged in a pattern of similar conduct, luring other vulnerable minority individuals, and refusing to compensate them fully for work performed for Defendants.

## LEGAL CAUSES OF ACTION

**COUNT I**     **OVERTIME VIOLATIONS: FAIR LABOR STANDARDS ACT, 29 U.S.C §201** *et seq.*

36. Plaintiff re-alleges and incorporate by reference all preceding paragraphs.

37. Upon information and belief, the Defendants at all relevant times owned and operated an enterprise engaged in commerce within the meaning of the Fair Labor Standards Act of 1938 ("FLSA"), codified as, 29 U.S.C. §§201 *et seq.*

38. At all times relevant to this action, the Defendants were Plaintiff's employers within the meaning of 29 U.S.C. §203.

39. At all times relevant to this action, Plaintiff was employed by the Defendants within the meaning of 29 U.S.C. §203.

40. Defendants willfully failed to pay Plaintiff and others similarly situated, overtime compensation for each hour they worked in excess of forty hours in a workweek in violation of the FLSA, 29 U.S.C. §207.

41. Defendants' violations of the FLSA, as described herein, were willful and intentional.

42. The Plaintiff is entitled to recover from the Defendants his unpaid overtime wages, an additional amount of liquidated damages, reasonable attorney's fees, and the costs of the action, pursuant to 29 U.S.C. §216(b), in an amount to be determined at the trial of this cause.

**COUNT II      WRONGFUL TERMINATION UNDER THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §215(a)(3)**

43. Plaintiif re-alleges and incorporates by reference all preceding paragraphs.

44. Plaintiff was employed by Defendants for 14 months and has always fulfilled his duties and conditions at Defendants' restaurant business, and has been ready, willing, and able to continue performing them in a competent and satisfactory manner.

45. Plaintiff was employed by Defendants to work in the kitchen.

46. After Plaintiff's verbal complaints about his overtime wages on or about the end of December 2018, he was terminated on January 1, 2019.

47. Plaintiff's overtime due was never paid or remedied, but instead, he was wrongfully discharged in retaliation for his complaint about the many hours of unpaid overtime, in willful violation of the FLSA.

48. The U.S. Supreme Court *in Kasten v. Saint -Gobain Performance Plastics Corp.,* 131 S.Ct, 1325 (2011) held that an oral complaint of a violation of the FLSA is protected conduct under this Act's anti-retaliation provision.

49. In *Kasten*, supra, the Court stated that the FLSA applies to a complaint, whether or written. Terminating an employee for complaining about FLSA's violations is a form of retaliation.

50. Retaliation for oral complaints, even if made only to the employer, are prohibited under the FLSA. *Greathouse v. JHS Security, Inc.*, No. 12-4521 (2d Cir. 2015).

51. Having complained to the Defendant business owner/manager about the failure to pay overtime compensation implicates the protection of the FLSA with the meaning of 215(a)(3). *EEOC v. White & Son Enters*, 881 F.2d 1006, 1011 (11th Cir. 1989).

52. "The FLSA also applies to the unofficial assertion of rights through complaints at work" *Love v. RE/MAX of Am., Inc.*, 738 F.2d 383, 387 (10th Circ. 1984).

53. "The Act prohibits discrimination against an employee who asserts or threatens to assert his or her FLSA rights". *Brennan v. Maxey's Yamaha, Inc., 513 F.2d 179, 180 (8th Cir. 1975).*

54. Plaintiff was wrongfully terminated for complaining to his employer for unpaid overtime during the fourteen months of Plaintiff's employment. Such length of time is indicative that the violations of the FLSA were willfully and wantonly.

55. As a proximate result of his wrongful termination in violation of the FLSA, Plaintiff was caused to suffer, and continues to suffer from humiliation, anxiety, emotional distress, worry, fear, and special damages, including loss of wages, and special and general damages according to proof at the trial of this case.

56. Defendants as employers did the things hereinabove alleged intentionally, oppressively, and maliciously.

57. Plaintiff is therefore entitled to punitive or exemplary damages against the Defendants Employer in an amount determined at the trial of this case.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, individually and on behalf of other similarly situated employees respectfully requests that this Court grant the following relief:

A. That the Court issue proper process to compel Defendants to answer or otherwise plead to all the allegations contained in this Complaint.

B. That, at the earliest possible time, the Plaintiff be allowed to give notice or that the Court issue such notice, to all similarly situated employees employed by Defendant during the three (3) years immediately preceding the filing of this suit, informing that this action has been filed, the nature of the action, and of their right to join this lawsuit pursuant to 29 U.S.C. §216(b).

C. That this Court awards the Plaintiff, and other similarly situated employees and former employees of Defendant the amount of their unpaid overtime wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b).

D. That Plaintiff be awarded reasonable attorney's fees, costs and other

expenses of this lawsuit pursuant to FLSA 29 U.S.C. §216(b).

  E. That this Court awards other and further relief as the Court deems necessary and proper.

  Respectfully submitted

/s/ Vicenta Bonet Smith
VICENTA BONET-SMITH
Attorney for Plaintiff

<u>Of Counsel</u>:
**BONET & SMITH, PC**
3499 Independence Drive
Birmingham, AL 35209
Telephone: (205) 870-2222
Fax:   (205) 870-3331


# S E R V I C E

**Please serve Defendant as follows:**

1. **MAHMOUD Y. SULEIMAN**
  **-Registered Agent for ALFREDO'S PIZZA CAFE, INC.-**
  **2578 Cornell Street**
  **Irondale, AL 35210**

2. **ALFREDO'S PIZZA CAFE, INC.**
  **803 Green Springs Hwy.**
  **Homewood, AL 35209**

3.  **BELAL ABU-HAMDEH**
    **-Registered Agent for ALFREDO'S GREEN SPRING, LLC-**
    **5614 Chalkville Rd.**
    **Birmingham, AL 35235**

4.  **ALFREDO'S GREEN SPRING, LLC**
    **5614 Chalkville Rd.              803 Green Springs Hwy.**
    **Birmingham, AL 35235   OR      Homewood, AL 35209**

5.  **BILLY KHAMAISEH**
    **803 Green Springs Hwy.**
    **Homewood, AL 35209**

6.  **SAM KHAMAISEH**
    **803 Green Springs Hwy.**
    **Homewood, AL 35209**